**Lois BIBBY, et al., Plaintiffs,**

v.

**DRUMMOND COMPANY, INC., Defendant.**

**No. 91–B–1731–S.**

United States District Court, N.D. Alabama, S.D.

Feb. 1, 1993.

Marvin L. Stewart, Jr., Najjar Denaburg P.C., Birmingham, AL, for plaintiffs.

Harry L. Hopkins, Thomas Franklin Campbell, Lange Simpson Robinson & Somerville, Birmingham, AL, for defendant.

## MEMORANDUM OPINION

BLACKBURN, District Judge.

This case is before the court on defendant's Motion for Summary Judgment. Based upon the record, the submissions, and the arguments of counsel, the court is of the opinion that the motion is due to be granted.

## FACTUAL BACKGROUND

The complaint alleges a violation of the Age Discrimination in Employment Act ("ADEA") by defendant Drummond Company, Inc. ("Drummond"). The plaintiffs are former employees of Drummond who were terminated pursuant to a reduction-in-force ("RIF") in December, 1990. The plaintiffs allege that in the context of the RIF, they were discriminated against because of their age.

The plaintiffs were salaried, non-union supervisors at Drummond's Kellerman Mine Complex, an above-ground mining operation. The RIF was necessary due to the decision by Drummond to close two of its surface mines, namely Kellerman Mine Pit No. 1 and the Short Creek Mine. The RIF resulted in 110 terminations out of a workforce of 660 employees. The RIF was accomplished pursuant to a plan devised and carried out by the management of Drummond. Specifically, Drummond's Director of Human Resource Operations, in consultation with the Director of Surface Mining Operations, developed a

rating system to select employees for termination.[1]

The rating system was designed to "force rank" all above-ground salaried employees by job category. The system provided for three criteria for evaluation: (1) the average of the last two years performance rating by mine management; (2) the forced ranking of all employees within a job category (i.e., all mechanics were ranked in order of their value to the company); and (3) seniority with the company (one point for each year of service). Each of these criteria were given equal weight and assigned a possible 33.3 points for a total maximum score of 99.9 points. Each employee was scored in each category, the scores were added together, and employees with the lowest scores were terminated until the staffing levels decided upon before implementing the RIF were reached.

After devising the rating system, Drummond management relied on information supplied by others to compile the information to be plugged into the rating system. The record reveals that the management of Drummond relied on the same sources of information for all employees of all ages. Further, the rating system was applied across the board to all job categories affected by the RIF. Defendant's rating system did not use age as an independent criteria, and the criteria were applied equally to all employees regardless of age.

The average age of defendant's surface mining workforce actually rose after the RIF from 39.6 to 40.1 years. The average age of terminated employees was age 39. Further, the majority (51% or 56 of 110) of the terminated employees were persons under the age of 40.

### SUMMARY JUDGMENT STANDARD

Under FED.R.CIV.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party asking for summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the nonmoving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.1991); see Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. Celotex, 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and show either by affidavits, depositions, or discovery responses on file that there exist "specific facts showing that there is a genuine issue for trial," Celotex, 477 U.S. at 324, 106 S.Ct. at 2553. The nonmoving party need not present evidence in a form necessary for admission at trial, however he may not merely rest on his pleadings. Id. "[I]t is never enough simply to state that the non-moving party cannot meet its burden at trial." Clark, 929 F.2d at 608. After a properly made motion has been presented and the court has allowed appropriate responses to be submitted, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c).

### LEGAL STANDARD

■ A plaintiff may establish a prima facie case of age discrimination by three methods:

1. As noted, the plaintiffs were salaried, non-union supervisors at defendant Drummond's Kellerman Mine Complex at the time of the RIF. The union employees were terminated in accordance with the provisions of the defendant's labor agreement with the United Mine Workers of America.

1) direct evidence of discriminatory intent; 2) meeting the test originally set out for Title VII cases in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); or by statistical proof of a pattern of discrimination. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir.1989). Here, plaintiffs did not produce direct evidence of discriminatory intent.[2] Plaintiffs' so-called "statistical evidence" does not show a pattern of discrimination. (See discussion p. 329 *infra.*) Thus, plaintiffs are required to establish a prima facie case utilizing a modified *McDonnell Douglas* test.

■ The Eleventh Circuit has established the following test for ADEA actions: "the plaintiff must show that he (1) was a member of the protected group of persons between the ages of 40 and 70, (2) was subjected to adverse employment action, (3) was replaced with a person outside the protected group, and (4) was qualified to do the job." *Mitchell v. Worldwide Underwriters Ins. Co.*, 967 F.2d 565, 566 (11th Cir.1992). In reduction-in-force cases, the test has been modified to eliminate the replacement requirement because in RIF situations, the employer seldom replaces the discharged employee:

> "A plaintiff in a job-reduction case can establish a prima facie case by demonstrating (1) that he was in a protected age group and was adversely affected by an employment decision; (2) that he was qualified for his current position or to assume another position at the time of discharge or demotion; and (3) evidence by which a fact finder might reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision at issue."

*Earley*, 907 F.2d at 1082, (*Accord Verbraeken*, 881 F.2d at 1045–1046).

2. "[O]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age, ... constitute direct evidence of discrimination." *Earley v. Champion Int'l. Corp.*, 907 F.2d 1077, 1081 (11th Cir.1990), quoting *Carter v. Miami*, 870 F.2d 578, 582 (11th Cir. 1989).

3. In their memorandum in opposition to defendant's Motion for Summary Judgment, plaintiffs

■ Once a prima facie case is shown, the defendant must articulate a legitimate non-discriminatory reason for its actions. If the defendant carries its burden, then the plaintiff must prove by a preponderance of the evidence that the legitimate reasons offered by the defendant are a pretext for age discrimination. *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 594 (11th Cir.1987).

## LEGAL ANALYSIS

■ It is undisputed that plaintiffs were in a protected age group and were adversely affected by an employment decision. Plaintiffs have not established that there were other positions open and available at the time of their discharge.[3] Plaintiffs have not produced any evidence by which a fact finder might reasonably conclude that Drummond intended to discriminate on the basis of age. Plaintiffs do not contend that the RIF was motivated by discriminatory reasons. They admit that the decision to close Pit No. 1 at the Kellerman Mine Complex was not used as a subterfuge for age discrimination and that the closure decision was simply an exercise of business judgment by Drummond. The rating system, although admittedly not perfect, did not result in discrimination against members of the protected class. It applied across the board to all job categories affected by the RIF.

Plaintiffs contend the following allegations or "facts" establish a prima facie case of discrimination: 1) plaintiffs were evaluated in jobs which they had just assumed; 2) in some instances they should have been ranked in more than one category or in a different job category; 3) the plaintiffs trained some of the persons ultimately retained by Drummond within their own job category and/or within job categories for which they felt qualified by prior experience; 4) the forced-ranking was too subjective, and a better evaluator

argue that there were jobs for which they were qualified that were filled by younger supervisors after the RIF. This obviously occurred due to the RIF itself. However, there is no evidence before the court that there were any *new* positions available at the time of the RIF for which plaintiffs were qualified.

would have been the respective salaries of the employees, because the company paid higher salaries to more valued employees; 5) use of the two-year evaluation as one of the criteria in the rating system was wrong; 6) statistical evidence shows discrimination. Plaintiffs have failed to establish a prima facie case of age discrimination, even viewing all of these allegations in the light most favorable to them.

The forced-ranking system applied to all employees regardless of age. Although evaluating a person's job performance based upon a limited time in that position may be "unfair", this action does not rise to the level of discrimination. The standard was applied to all employees regardless of age. Plaintiffs argue that they should have been rated for any job at Drummond for which they felt qualified by training or experience. It is undisputed that similarly situated younger employees were not afforded this opportunity. Plaintiffs had no right to displace younger workers who survived termination under Drummond's rating system. "[N]othing in the ADEA requires that younger employees be fired so that employees in the protected age group can be hired." *Earley*, 907 F.2d at 1083.

Even if Drummond's rating system was not the fairest method for evaluating its employees, this fact alone is not evidence of age discrimination:

> Even if the company was wrong [on the system used for selecting employees for termination], if that was the reason for the employment action, its error in that determination would not be a basis for claiming age discrimination. See *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir.1984) ("The employer may fire an employee for ... a reason based on erroneous facts, or for no reason at all, as long as his action is not for a discriminatory reason").

*Mitchell v. Worldwide Underwriters Ins. Co.*, 967 F.2d at 567.

The argument that plaintiffs are automatically more qualified than someone who they may have trained simply does not make sense. During oral argument, plaintiffs' counsel argued that the fact that plaintiffs trained some of Drummond's retained employees is evidence of discrimination. Pupils often surpass their teachers in knowledge and performance. Plaintiffs' argument is without substantial merit.

■ The fact that Drummond chose the rating system at issue for selecting employees for termination instead of retaining the most highly compensated employees within each job category does not raise an inference of discrimination. It is obvious that in any work setting, an employee's salary does not necessarily equate to the employee's "value" to the company. Plaintiffs further complain that the forced ranking prong of the rating system was too subjective. However, an employer's decision may be based on subjective criteria so long as such criteria do not result in discriminatory impact. *Allison v. Western Union Telegraph Co.*, 680 F.2d 1318, 1322 (11th Cir.1982). As noted, the RIF at issue did not result in discriminatory impact. In fact, the average age of the affected workforce actually rose after the RIF.

Plaintiffs argue that use of the two year performance evaluations is "suspect". They contend that the evaluations were instituted for purposes of the RIF, and the employees were not privy to their annual performance ratings.[4] These arguments might raise an inference of discrimination if plaintiffs could follow up by demonstrating that the performance ratings had the effect of discriminating on the basis of age. However, plaintiffs offered no evidence which could reasonably lead to an inference that defendant intended to discriminate on the basis of age in making the performance evaluations.

Plaintiffs' statistical evidence is not probative of age discrimination. The "statistics"

---

4. Defendant disputes plaintiffs' allegations concerning the performance appraisals. According to Keith Carder, Drummond's Director of Human Resource Operations, the results of the annual performance appraisals were reflected on salary administration sheets which he used as the basis for determining points under one prong of the rating system. In any event, there is no evidence that salaried employees who were under age 40 had received any more information regarding their annual performance appraisals than plaintiffs.

put forward by the plaintiffs take only selected evidence from the entire RIF. Plaintiff Bibby testified that at the Kellerman No. 1 mine there were 20 supervisors prior to the RIF. Eight of those supervisors were over 40 years old. Only two of the employees age 40 or older were retained after the RIF while all of the supervisors under age 40 were retained. Thus, 75% of the supervisors over age 40 at that particular site were retained, and none of the supervisors under age 40 were terminated at that site. In order to show discrimination, the court must look to the results of the RIF on the entire workforce affected. The rating system applied across the board to Drummond's surface mining operations. The employees were rated against other employees in the individual job categories at all surface mines. Thus, the appropriate statistical comparison is to the above-ground workforce as a whole. The average age of defendant's above-ground salaried workforce actually *rose* after the RIF. The only permissible inference from these facts is that Drummond's rating system did not have a discriminatory impact on employees over 40 years of age.

There is no evidence from which a fact finder could reasonably conclude that there was an intent to discriminate by the defendant employer. Plaintiffs have failed to show that Drummond sought to discriminate on the basis of age. A lack of evidence of wrongdoing on the part of the defendant requires a finding by this court that the plaintiffs have failed in their burden of establishing a prima facie case under the *Earley* standard, *supra.*

■ Assuming *arguendo* that plaintiffs met their threshold burden of establishing a prima facie case, defendant has presented evidence that plaintiffs were discharged pursuant to an age neutral rating system used to achieve a division wide RIF brought about by economic necessity. The rating system did not use age as a determinative factor and the system that was used was applied to all employees regardless of age. Moreover, application of the rating system actually increased the average age of the workforce. Defendant has satisfactorily articulated a legitimate nondiscriminatory reason for its actions, and plaintiffs have failed to present significant probative evidence of pretext on the part of the defendant. There is, in fact, no evidence before the court that the articulated reason for termination was not the real motivation and that the defendant was actually motivated by plaintiffs' ages.[5] Therefore, on these alternative grounds, the court finds that the Motion for Summary Judgment is due to be granted.

As a final note, this court recognizes that a RIF is sometimes an undesirable business necessity. Terminating employees who are serving in a satisfactory manner, and who may have been with a particular company for an extended period of time can be extremely difficult, and can lead to hard feelings and a sense of resentment. However, such actions are sometimes required in the business world. The courtroom cannot take the place of the boardroom in determining how, where, when, and why a RIF should occur. "The essence of a RIF is that competent employees who in more prosperous times would continue and flourish at a company may nevertheless have to be fired." *Earley,* 907 F.2d at 1083. The evidence in this case simply does not show that Drummond acted in a discriminatory manner in effectuating the RIF which gives rise to this dispute.

## CONCLUSION

For the above stated reasons, the court is of the opinion that the Motion for Summary Judgment filed by Drummond is due to be granted. The motion shall be granted by

---

5. As noted by the Eleventh Circuit in *Pace v. S. Ry. Sys.,* 701 F.2d 1383, 1391 (11th Cir.1983), cert. denied, *Pace v. S. Ry. Co.,* 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983):

A plaintiff when faced with a motion for summary judgment, cannot rely on attenuated possibilities that a jury would infer a discriminatory motive, but rather must come forward with sufficient evidence to establish a prima facie case and respond sufficiently to any rebuttal by the defendant to create a genuine issue of material fact. Even where a prima facie case has been established but the defendant has rebutted with a proffer of legitimate, nondiscriminatory reasons for the discharge, a genuine issue of material fact is not automatically presented.

separate order filed contemporaneously with this opinion.